**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EL UNICO PERFUMERIA, an unknown New Jersey business entity; OMPRAKASH CHUGANI, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Civil Action No. 21-13175 (SDW)(LDW)<br><br>**WHEREAS OPINION**<br><br>August 8, 2022 |

**WIGENTON**, District Judge.

　　**THIS MATTER** having come before this Court upon Plaintiff Luxottica Group S.p.A.'s ("Plaintiff") Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 (D.E. 39-2);

　　**WHEREAS** Plaintiff filed its Complaint (D.E. 1 ("Compl.")) on June 30, 2021 against Defendants EL Unico Perfumeria, All About Closeout, Omprakash Chugani[1], and Does 1-10 (collectively, "Defendants"). Plaintiff's Complaint alleges that Plaintiff is engaged in the manufacture, marketing, and sale of proprietary sports eyewear throughout the world, including, but not limited to, Ray-Ban®, Oakley, Vogue Eyewear, Persol, and Arnette. (Compl. at ¶¶ 12-13.) Plaintiff alleges that it is the owner of various trademarks under the Ray-Ban® brand, which are registered and qualify as "famous marks" as defined under 15 U.S.C. § 1125(c)(1). (Compl. at ¶ 16-18.) Plaintiff contends that on or about August 2020, Plaintiff discovered that Defendants

---

[1] *Pro se* Defendant Omprakash Chugani is the alleged sole proprietor and owner of EL Unico Perfumeria.

1

were unlawfully selling products bearing the Ray-Ban® brand marks. (Compl. at ¶ 21.) Plaintiff alleges that Defendants unlawfully imported, manufactured, produced, distributed, advertised, marketed, and offered for sale products bearing counterfeit reproductions of the Ray-Ban® brand marks with knowledge of Plaintiff's ownership of the Ray-Ban® brand marks. (Compl. at ¶¶ 21-27.) Plaintiff filed a five-count Complaint alleging: Federal trademark Infringement 15 U.S.C. § 1114 (Count One); False Designation of Origin and Unfair Competition 15 U.S.C. § 1125(a) (Count Two); Federal Trademark Dilution 15 U.S.C. § 1125(c) (Count Three); Common Law Trademark Infringement (Count Four); and Unfair Competition under New Jersey Statutory and Common Law, N.J.S.A. §§ 56:4-1, 56:4-2 (Count Five); and

**WHEREAS** on July 27, 2021, *pro se* Defendant Omprakash Chugani[2] filed an Answer to the Complaint (D.E. 10). Defendant EL Unico Perfumeria did not answer or otherwise respond to the Complaint. On April 27, 2022, Plaintiff filed a Notice of Voluntary Dismissal as to Defendant All About Closeout from the action. (D.E. 33.) On April 28, 2022, this Court entered an Order dismissing All About Closeout from the action. (D.E. 34); and

**WHEREAS** on May 9, 2022, fact discovery closed pursuant to Magistrate Judge Leda D. Wettre's Amended Scheduling Order, dated April 19, 2022. (D.E. 32); and

**WHEREAS** On May 27, 2022, Plaintiff moved for partial summary judgment as to liability on each of the five counts alleged in the Complaint and requested this Court grant permanent injunctive relief pursuant to 15 U.S.C. § 1116 restraining and enjoining Defendants

---

[2] Magistrate Judge Leda D. Wettre referred this action to the Seton Hall University School of Law Conflict Management Program, which entered a notice of appearance on behalf of *pro se* Defendant Omprakash Chugani on December 3, 2021 for the limited purposed of representing him in a settlement conference before Judge Wettre on February 17, 2022. (ECF No. 22). The matter did not resolve and, by letter dated May 16, 2022, *pro se* Defendant Omprakash Chugani filed a second request for pro bono counsel due to the financial and emotional toll the litigation has taken on his life. (D.E. 38). On June 9, 2022, Magistrate Judge Leda D. Wettre denied *pro se* Defendant Omprakash Chugani's second request for the appointment of pro bono counsel. (D.E. 40.)

from importing, manufacturing, producing, distributing, advertising, marketing, and offering for sale products bearing counterfeit reproductions of the Ray-Ban® brand Marks. (D.E. 39-2); and

**WHEREAS** Defendants have submitted neither a timely Opposition Brief to Plaintiff's Motion for Summary Judgment nor a request for an extension of time to respond to Plaintiff's Motion for Summary Judgment. Accordingly, Plaintiff's Motion for Summary Judgment is deemed unopposed. Plaintiff's Statement of Material Facts (D.E. 39-1) shall be deemed undisputed pursuant to Local Civil Rule 56.1(a); and

**WHEREAS** Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); and

**WHEREAS** the moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations,

3

unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255); and

**WHEREAS** the nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof[,]" then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x 548, 554 (3d Cir. 2002); and

Accordingly, Plaintiff's Motion for Summary Judgment as to liability on Counts One, Two, Three, Four, and Five in the Complaint is **GRANTED**. Plaintiff shall have thirty (30) days to submit an application for all damages, fees, and expenses claimed. An appropriate order follows.

s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig:   Clerk  
cc:     Hon. Leda D. Wettre, U.S.M.J.  
        Parties